## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC , | ) | |
| | ) | |
| Plaintiff, | ) | C.A  No. 04-350 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| ABBOTT LABORATORIES and | ) | |
| LABORATOIRES FOURNIER S.A , | ) | |
| | ) | |
| Defendants. | ) | |

### STIPULATED PROTECTIVE ORDER

Whereas discovery in this action will require the disclosure of trade secrets or other confidential research, development, or commercial information of both parties and of non-parties from whom discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore,

The parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure – subject to the approval of the Court – to the following Protective Order:

1.    **Scope Of Protection.**

1.1    This Protective Order shall govern any record of information, designated pursuant to paragraph 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Protective Order also governs any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or Local Rule of the U.S. District Court for the District of Delaware, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery is sought and who desires the protection of this Protective Order.

## 2.    Designation.

2.1    Each party shall have the right to designate as "Confidential" and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information. This designation shall be made by stamping or otherwise labeling each page or thing containing Confidential information with the legend **CONFIDENTIAL-Subject to Protective Order** (or like designations) prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information Confidential that are generally available to the public.

2.2    Each party shall have the right to designate as "**HIGHLY CONFIDENTIAL-Subject to Protective Order**," restricted to review by outside attorney's eyes only and subject to this Protective Order, any information produced in this action which contains, reflects or otherwise discloses trade secrets, current research and development or competitively sensitive information. To the extent that material is marked **HIGHLY CONFIDENTIAL-Subject to Protective Order** (or with like designation) such material shall be revealed to or used only by qualified outside counsel and experts as provided for in paragraph 4 and shall not be

2

communicated in any manner, either directly or indirectly, to any person or entity not permitted

disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries

or information derived therefrom, and any notes or other records regarding the contents thereof

shall also be deemed for "**HIGHLY CONFIDENTIAL-Subject to Protective Order** " and the

same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.3    With respect to all materials provided for inspection by a party's counsel,

designation by stamping or labeling need not be made until copies of the materials are requested

after inspection and selection by counsel. Making documents and things available for inspection

shall not constitute a waiver of any claim of confidentiality, and all materials provided for

inspection by a party's counsel shall be treated as though designated " **HIGHLY**

**CONFIDENTIAL-Subject to Protective Order** " from the time of the inspection until

otherwise designated pursuant to this Protective Order *or otherwise ordered by the Court.* FAJ

3.    **Limit On Use And Disclosure Of Designated Information.**

3.1    All recipients of Confidential or **HIGHLY CONFIDENTIAL-Subject to**

**Protective Order** information pursuant to this Protective Order shall use any information or

document governed by this Protective Order only in connection with the prosecution or defense

of this action, except by consent of the parties or order of the Court. The prosecution and

defense of this action does not include prosecution of patent applications, reissue applications,

reexamination applications, interference proceedings or opposition proceedings No party or

other person shall disclose or release to any person not authorized under this Protective Order

any information or document governed by this Protective Order for any purpose, or to any person

authorized under this Protective Order for any other purpose.

3

3.2     While it is understood that counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated Confidential and **HIGHLY CONFIDENTIAL-Subject to Protective Order** information received by the party – provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party – counsel receiving Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information under this Order will not in any way use such information to provide advice or opinions to in any way facilitate prosecution of any patents or to otherwise attempt to secure valid patent claims (e.g., reissue, reexamination, certificates of correction).

3.3     The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

**4.     Disclosure of Designated Information.**

4.1     Documents or information designated Confidential shall be disclosed by the recipient thereof only to:

a.     the attorneys who are counsel of record for the parties in this case and their authorized secretarial, clerical and legal assistant staff;

b.     The following in-house attorneys for the parties in this action and his or her secretarial, clerical and legal assistant staff, provided that such legal personnel and staff do not participate in any competitive or business decision making for the respective party concerning or relating to fenofibrate: (i) for Abbott – Laura Schumacher, Esq , Jose Rivera, Esq.,

4

Karen Hale, Esq., Kenneth Wittenberg, Esq., Robert DeBerardine, Esq. and Paul Yasger, Esq.;
(ii) for Fournier – Fournier does not identify any counsel at this time but reserves its right to do
so in the future; and (iii) for Reliant – Reliant does not identify any counsel at this time but
reserves its right to do so in the future. The parties may add to or substitute the identified in-
house counsel with the consent of the opposing party(ies), such consent shall not be
unreasonably withheld.

        c.     the Court and Court personnel;

        d.     consultants or experts and their staffs retained by the parties or their
attorneys for purposes of this action, subject to the procedures of paragraph 6, who are not
employees or otherwise affiliated with any of the parties (except persons scheduled to be
deposed pursuant to Rule 30(b)(6), Fed. R Civ P.), and who first agree to be bound by the terms
of this Protective Order by executing a Confidentiality Undertaking in the form attached as
Exhibit A hereto;

        e.     up to three (3) Reliant Pharmaceuticals, Inc. employees who are working
on or have supervisory responsibility for this matter, provided that each individual must first
agree to be bound by the terms of this Protective Order;

        f.     up to three (3) Abbott Laboratories employees who are working on or
have supervisory responsibility for this matter, provided that each individual must first agree to
be bound by the terms of this Protective Order;

        g.     up to three (3) Laboratoires Fournier, S.A. employees who are working on
or have supervisory responsibility for this matter, provided that each individual must first agree
to be bound by the terms of this Protective Order;

        h.     court reporters employed in connection with this action; and

5

i.       outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators);

j.       jury consultants and mock jurors, provided that all mock jurors agree not to discuss or disclose any Confidential information outside the context of the mock jury exercises, and that no materials bearing confidential information are left in the possession of the mock jurors after conclusion of the mock jury exercises.

4.2     Documents or information designated **HIGHLY CONFIDENTIAL-Subject to Protective Order** shall be disclosed only to those categories of individuals listed in paragraphs 4.1(a), (b), (c), (d), (h), (i), and (j).

No party shall disclose any Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information to any lawyer, patent agent, or other person who currently writes or prosecutes patent applications relating to fenofibrate, or who substantively reviews or provides substantive input to the drafting of such patent applications for each party. This prosecution bar from access to Confidential and **HIGHLY CONFIDENTIAL-Subject to Protective Order** information shall (1) apply to the prosecution of patents for a party or affiliates thereof and (2) remain in effect during the pendency of this action and for one year after the conclusion thereof, including appeals.

4.3     No disclosure of Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information shall be made to persons in paragraph 4(d) unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party. Separate Confidentiality Undertakings shall not be required for staff members working under the

6

supervision of an individual signing a Confidentiality Undertaking. In any case, the provisions of paragraph 6 must be followed prior to any disclosure of Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information to such individuals or their staff.

4.4    Anyone who receives Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information shall not write or prosecute any patent applications that claim fenofibrate dosage forms for any party for a period of one year following final termination of this action, including appeals.

5.    **Withholding and Redaction.**

Counsel for a party producing documents may withhold documents or mask ("redact") material deemed exempt from discovery because such documents or material are protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b). For withheld documents: the document withheld, along with the protection claimed for the document and the basis for the protection, shall be reported on a privilege log. For redacted documents: (i) the produced document must identify the area where redaction has occurred; and (ii) the identity of the redacted document, the protection claimed for the redacted portions, and the basis for the protection shall be reported on a privilege log. In all cases, sufficient information must be provided to enable the other party to evaluate the legitimacy of the asserted privilege or immunity.

6.    **Identification Of Experts.**

6.1    If any party desires to disclose information designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** to any expert or consultant pursuant to

7

paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant relating to the design, commercialization and marketing of fenofibrate dosage forms, a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years and all prior and/or present relationships between the expert or consultant and the parties in this case. Should any party have an expert or consultant who cannot disclose present or prior employments as called for above because of an existing confidentiality obligation, the party shall state such in making its disclosure  In this circumstance, the parties may, by mutual agreement, waive part or all of the requirements of disclosure listed in this paragraph.. Absent such agreement or waiver, no Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information of the producing party in this case shall be provided to such expert or consultant unless and until an order of the Court permits such disclosure.

   6.2 The attorney for the producing party shall have five (5) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Objections shall not be made except where the objecting party has a good faith belief that it will be harmed by the disclosure of the party's information. Any objection made to an opposing party shall state in detail the basis for the objection and (i)  identify the objecting party's Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information that underlies the objection; (ii) identify how the party believes such information would be used to harm it; and (iii) state why the objecting party believes the protections already afforded by this Order would be inadequate to prevent the anticipated harm such that the objection is warranted.

8

6 3    The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the consultant or expert within ten (10) business days after the objection was made. If any such motion is made, the objecting party shall bear the burden of proof. If no such motion is made within said ten (10) business day period, the consultant or expert shall be permitted to receive Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information pursuant to the terms of this Protective Order  In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree)

### 7.    Related Documents.

Information designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) deposition testimony designated in accordance with paragraph 8.

### 8.    Designation Of Transcripts.

8 1    Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party may direct, or (b) within seven (7) business days

9

after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, **HIGHLY CONFIDENTIAL-Subject to Protective Order** for a period of seven (7) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4 during that period. Any portions of such transcripts not designated within this time frame shall not be treated as Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information, except by order of the Court.

8.3    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to paragraph 4. The failure of such persons to leave a deposition whenever such a request is made under this paragraph shall justify counsel to instruct the witness that he or she shall not answer the question, if the counsel has a reasonable belief that the answer would disclose Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information.

8.4    At any court hearing or proceeding no party is prevented by this Order from moving the Court to close the hearing and designate all or portions of the transcript as Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information.

10

9.    **Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** to any current employee of the producing party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) would have received the particular document. Regardless of the designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness without revealing any portion of the contents of the document or testimony, and such discussion shall not constitute disclosure in violation of this Protective Order.

10.    **Designation or Documents Under Seal.**

Any information designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order**, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Order. The party filing any paper which reflects, contains or includes any other party's Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information subject to this Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see ¶¶ 2.1, 2.2), and a statement substantially in the following form:

11

.

## CONFIDENTIAL INFORMATION

**This envelope contains documents subject to a Protective Order of the Court dated _____. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except in accordance with the terms of said Order or upon further order of the Court or written agreement of the parties.**

When filing papers under seal, counsel will deliver to the Clerk an original and one copy of the papers. A party may choose to file any document containing only its own Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** designated information not under seal, in which case such information will be considered de-designated from its Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** status under this Order going forward.

11.    **Challenge To Confidentiality.**

11.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Order, or (c) applying for a further order modifying this Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation

11.2    On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, Confidential

12

or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information.  If a party seeks de-designation of particular items the following procedure shall be utilized:

        a.     The party seeking such de-designation shall give counsel of record for the other party written notice thereof by facsimile specifying the designated information as to which such removal is sought and the reasons for the request; and

        b.     If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed.

        12.     **Prior Or Public Knowledge.**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure is made prior to disclosure or is public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Order.

        13.     **Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**14.    Other Proceedings.**

14.1    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who may be subject to a motion to disclose another party's Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information pursuant to this Order shall promptly notify that party of the motion and provide that party with a copy of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

14.2    Furthermore, any person or party subject to this Order who is subject to a subpoena to disclose another party's Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information shall promptly notify that party of the existence of the subpoena and provide that party with a copy of the subpoena so that party may have an opportunity to appear and be heard on whether such information should be disclosed.

**15.    Inadvertent Disclosure Of Work Product Or
Privileged Information:  Procedure And Waiver.**

15.1    The producing party shall promptly notify the receiving party in writing in the event of an inadvertent production of documents subject to work product immunity or the attorney-client privilege after the producing party learns of such inadvertent production. Upon being notified by the producing party pursuant to this paragraph, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue. The receiving party shall return or destroy all copies of such documents within three (3) business days of such notice and certify such return or destruction in writing to the producing party.

14

Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity. Within three (3) business days of such certification, the producing party shall provide a privilege log that provides the basis upon which protection is claimed for the returned document. The receiving party shall not be in violation of this Order for disclosures made prior to receipt of notification.

15.2     No receiving party shall disclose or make any use of any information in the document for which the claim of immunity or privilege is being made, except as provided in paragraph 12, to any person.

### 16.     Non-Party Material.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** information provided by a non-party. Information provided by a non-party in connection with this action and designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order**, pursuant to the terms of this Order shall be protected by the remedies and relief provided by this Order.

### 17.     Return Of Designated Information.

Within ninety (90) calendar days of the final termination of this action by unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify

15

destruction of, all materials containing information designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order**, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications and (b) archive copies of pleadings, motion papers, deposition, hearing and trial transcripts, correspondence, expert reports, and written discovery responses may be retained by counsel  As to electronic reports, summaries, databases or other documents that simply summarize or collect information from documents designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order**, but do not contain other attorney work product or attorney-client communications, the receiving party shall  delete all such electronic information.

18.    **Waiver Or Termination Of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

19.    **Modification Of Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.  This Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Order.

16

20.    **Section Captions.**

The title captions for each section of this Protective Order are for convenience only and

are not intended to affect or alter the text of the sections or the substance of the Order.

POTTER ANDERSON & CORROON LLP


/s/ Philip A. Rovner
By: _____
       Philip A. Rovner (#3215)
       Hercules Plaza
       P.O. Box 951
       Wilmington, DE  19899
       (302) 984-6000
       E-mail: provner@potteranderson.com

Of Counsel:

Adrian M. Pruetz
Andrew M. Berdon
Edward DeFranco
Quinn Emanuel Urquhart Oliver & Hedges LLP
335 Madison Avenue
New York, NY  10017
(212) 702-8100

Attorneys for Plaintiff
Reliant Pharmaceuticals, Inc.

MORRIS NICHOLS ARSHT & TUNNELL

/s/ Mary B. Graham

By: _____
       Mary B. Graham (#2256)
       1201 N. Market Street
       P. O. Box 1347
       Wilmington, DE  19899-1347
       (302) 658-9200
       E-mail: mgraham@mnat.com

17

Of Counsel:

William F. Cavanaugh, Jr.
Eugene M. Gelernter
Chad J. Peterman
Patterson, Belknap, Webb Tyler LLP
1133 Avenue of the Americas
New York, NY 100350-6710

Attorneys for Defendant
Abbott Laboratories

RICHARDS, LAYTON & FINGER

/s/ Frederick L. Cottrell, III

By: _____
        Frederick L. Cottrell, III (#2555)
        Anne Shea Gaza (#4093)
        920 N. King Street
        Wilmington, DE 19801
        (302) 651-7700
        E-mail: cottrell@rlf.com

Of Counsel:

Charles D. Ossola
Donald O. Beers
Arnold & Porter
555 Twelfth Street, NW
Washington, DC 20004-1202
(202) 942-5000

Mark Shanks
Reed Smith LLP
1301 K Street, NW
Suite 1100-East Tower
Washington, DC 20005
(202) 414-9200

18

Timothy C. Bickham
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, DC  20036-1795
(202) 429-5517

Attorneys for Defendant
Laboratoires Fournier, S.A.

**IT IS SO ORDERED:**

Dated: _August 24, 2005_

(as modified from stipulated form) KAJ

_____
UNITED STATES DISTRICT JUDGE

19

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

RELIANT PHARMACEUTICALS, INC.,  )
                                    )
          Plaintiff,            )        C.A. No. 04-350 (KAJ)
                                     )
          vi.                   )
                                     )
ABBOTT LABORATORIES and       )
LABORATOIRES FOURNIER S.A.,    )
                                     )
          Defendants.       )

**CONFIDENTIALITY UNDERTAKING**

I have read the Protective Order concerning the confidentiality of information in the above captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain confidential information. I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order described above with respect to any information designated Confidential or **HIGHLY CONFIDENTIAL-Subject to Protective Order** that is furnished to me. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the

enforcement of that Order.

       EXECUTED this _____ day of _____, 2005

_____
Name

_____
Affiliation

_____
Street

_____
City, State, Zip Code

687559

2