# EXHIBIT 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RELIANT PHARMACEUTICALS, INC.,
    Plaintiff,

V.

ABBOTT LABORATORIES and
LABORATOIRES FOURNIER S A ,
    Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number: 04-350 (KAJ)
(pending in D. Del.
before Judge Kent Jordan)

TO: Pharma Pass, Inc.
    15375 Barranca Parkway
    Irvine, CA 92618

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
(See attached Schedule A.)

| PLACE  Quinn Emanuel Urquhart Oliver & Hedges LLP<br>335 Madison Avenue, New York, NY 10017  (by Fed Ex) | DATE AND TIME<br>September 16, 2005  11:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff Reliant Pharmaceuticals, Inc. | DATE<br>Sep. 1, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric Huang, Esq.     (Tel. No. 212.702.8100)
Quinn Emanuel Urquhart Oliver & Hedges LLP
335 Madison Avenue, New York, NY 10017

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                         DATE                                                    SIGNATURE OF SERVER

                                                                                 _____
                                                                                 ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. "You" or "your" is defined to include your agents, representatives or anyone acting on behalf of your agent or representative.

2. "Fournier" means defendant Laboratoires Fournier S.A. and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

3. "Abbott" means defendant Abbott Laboratories and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

4. "Reliant" means plaintiff Reliant Pharmaceuticals, Inc. and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

5. "Pharma Pass" means Pharma Pass S.A., Pharma Pass LLC, and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

6. "FDA" means the U.S. Food and Drug Administration.

7. "NDA" means New Drug Application.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. "Document" is defined to include writings, drawings, graphs, charts, photographs, sound recordings of any type, and other electronic or computerized data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

10. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

11. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12. "Person" means any natural person or any business, legal or governmental entity or association.

13. "Concerning" means relating to, referring to, describing, evidencing or constituting.

14. The terms "all" and "each" shall be construed as all and each.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.  The use of the singular form of any word includes the plural and vice versa.

17.  "Patents-in-suit" means all or any one or more of U.S. Patents 6,074,670, 6,277,405, 6,589,552, and 6,652,881 (attached as Exhibits 1-4 respectively) and any U.S. or foreign patent or application related to the aforementioned patents.

18.  "The '670 patent" means U.S. Patent 6,074,670.

19.  "The '405 patent" means U.S. Patent 6,277,405.

20.  "The '552 patent" means U.S. Patent 6,589,552.

21.  "The '881 patent" means U.S. Patent 6,652,881.

22.  "French patent application 97-00479" means the French patent application filed January 17, 1997 and upon which the patents-in-suit claim priority. French patent application 97-00479 is attached hereto as Exhibit 5.

23.  "Prior art" means any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that relate to the subject matter of the patents-in-suit and that are relevant to patentability of any claim of the patents-in-suit under 35 U.S.C. §§ 102 and 103 of the laws of the United States. "Prior art" is not limited to references or other activities cited to the U.S. Patent and Trademark Office during the prosecution of the patents-in-suit.

24.  "Fenofibrate composition" means any solid oral drug formulation that contains fenofibrate as the sole active pharmaceutical ingredient, including without limitation any fenofibrate formulation identified in the patents-in-suit, Abbott's TRICOR, Fournier's LIPANTHYL, and Abbott's LIPIDIL brands of fenofibrate products.

25. "Lipanthyl 200M" means the fenofibrate product from Laboratoires Fournier, as described in U.S. Patent 6,074,670 at column 8, lines 11-17 (See Exhibit 1).

26. The phrase "other litigation regarding the patents-in-suit" means any judicial or quasi-judicial proceeding, including any civil action, arbitration, foreign opposition or any Federal administrative agency action, in which any issue relating to the infringement or non-infringement, validity or invalidity, or enforceability or unenforceability of any of the patents-in-suit has been asserted.

27. If you contend that any document requested to be produced is protected from discovery by the attorney-client privilege or other ground of privilege or immunity, describe the nature of the information in a manner that will enable Reliant to assess the applicability of the claimed privilege or immunity by providing the following information:

    (a) the date of the document that contains the information;

    (b) the name and title or position of the author(s) of the document;

    (c) the name and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

    (d) the general subject matter of the document;

    (e) the type of document (memorandum, letter, report, handwritten notes, etc.);

    (f) the specific grounds for withholding the document and its information, including the specific facts upon which you will rely

                    to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

        (g)    the specific request for production or interrogatory to which the document is responsive.

28. Each request seeks only the documents within your possession, custody and control.

### REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1**

All documents concerning the preparation and prosecution of the patents-in-suit.

**REQUEST NO. 2**

All documents concerning communications between you and any person relating to the preparation and prosecution of the applications that resulted in the patents-in-suit.

**REQUEST NO. 3**

All documents concerning the conception, development, and reduction to practice of the subject matter of each claim of the patents-in-suit.

**REQUEST NO. 4**

All documents concerning comparisons made of any other fenofibrate composition with fenofibrate compositions that are subject of any claim of the patents-in-suit, including any commercial embodiment of any claim of the patents-in-suit.

**REQUEST NO. 5**

All documents concerning the *in vitro* dissolution of any fenofibrate composition.

**REQUEST NO. 6**

All documents concerning the bioavailability of any fenofibrate composition.

**REQUEST NO. 7**

All documents concerning the chemical composition of any fenofibrate composition, including without limitation LIPANTHYL 200M.

**REQUEST NO. 8**

All documents concerning prior art known to you whether or not cited to the U.S. Patent and Trademark Office.

**REQUEST NO. 9**

All documents reflecting communications made between you and any person, including without limitation any named inventor on the patents-in-suit, regarding (1) the subject matter of the patents-in-suit, (2) prior art, or (3) this action.

**REQUEST NO. 10**

All documents concerning any actual or proposed license under the patents-in-suit.

**REQUEST NO. 11**

All documents concerning any agreement between you and any person relating to the patents-in-suit or any litigation concerning any of the patents-in-suit.

**REQUEST NO. 12**

All documents concerning the ownership or transfer of ownership of the patents-in-suit or entitlement or transfer of entitlement to recover damages for past infringement of the patents-in-suit.

**REQUEST NO. 13**

All documents concerning the ownership or transfer of ownership of French patent application 97-00479.

**REQUEST NO. 14**

All investigations, analyses or searches conducted by or for you or disclosed to you concerning prior art.

**REQUEST NO. 15**

All investigations, analyses or searches conducted by or for you or disclosed to you concerning the patentability of the subject matter claimed in the patents-in-suit.