IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | Civil Action No. 04-350 (KAJ) |
| ABBOTT LABORATORIES and LABORATOIRES FOURNIER S.A., Defendants. | ) ) ) ) | |

**PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S FIRST
NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) OF
DEFENDANT ABBOTT LABORATORIES**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") will take the depositions upon oral examination of Abbott Laboratories ("Abbott") on October 18, 2005 at 9:00 a.m. at the offices of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP located at 335 Madison Avenue, New York, NY 10017.

Abbott shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf to testify as to the matters on which examination is requested in Schedule A attached hereto. The deponent shall inform counsel for Reliant of such designation(s) at a reasonable time prior to the deposition(s) setting forth the identity of the person(s) designated and the matters on which the person will testify.

The deposition will be taken before a notary public or other officer authorized to administer oaths and will continue from day to day until concluded. The deposition shall

be recorded stenographically, by videotape, and through the instant visual display of

testimony.

You are invited to attend and cross examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Adrian M. Pruetz
Andrew M. Berdon
Edward J. DeFranco
Eric Huang
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
335 Madison Avenue, 17th Floor
New York, New York 10017
(212) 702-8100

Dated:  September 15, 2005
699237

By:  _____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    E-mail: provner@potteranderson.com

Attorneys for Plaintiff
Reliant Pharmaceuticals, Inc.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.      "You" or "your" means defendant Abbott Laboratories and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

2.      "Fournier" means defendant Laboratoires Fournier S.A. and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

3.      "Reliant" means plaintiff Reliant Pharmaceuticals, Inc. and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

4.      "FDA" means the U.S. Food and Drug Administration.

5.      "NDA" means New Drug Application.

6.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

8.      "Person" means any natural person or any business, legal or governmental entity or association.

9.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

10.      The terms "all" and "each" shall be construed as "all and each."

11.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.      The use of the singular form of any word includes the plural and vice versa.

13.      "ANTARA™" shall mean fenofibrate capsules approved for marketing pursuant to Reliant's NDA 21-695.

14.      "Patents-in-suit" means all or any one or more of U.S. Patents 6,074,670, 6,277,405, 6,589,552, and 6,652,881, and any U.S. or foreign patent or application related to them.

15.      "The '670 patent" means U.S. Patent 6,074,670.

16.      "The '405 patent" means U.S. Patent 6,277,405.

17.      "The '552 patent" means U.S. Patent 6,589,552.

18.      "The '881 patent" means U.S. Patent 6,652,881.

19.      "Prior art" means any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that relate to the subject matter of the patents-in-suit and that are relevant to patentability of any claim of the patents-in-suit under 35 U.S.C. §§ 102 and 103. "Prior art" is not limited to references or other activities cited to the U.S. Patent and Trademark Office during the prosecution of the patents-in-suit.

20.     "Fenofibrate composition" means any solid oral drug formulation that contains fenofibrate as the sole active pharmaceutical ingredient, including without limitation any fenofibrate formulation identified in the patents-in-suit and Abbott's TRICOR, Fournier's LIPANTHYL, and Abbott's LIPIDIL brands of fenofibrate products.

21.     "LIPANTHYL 200M" means the fenofibrate drug product manufactured or marketed by Fournier and described in U.S. Patent 6,074,670 at column 8, lines 11-17.

22.     "TRICOR" means any fenofibrate drug product containing micronized or co-micronized fenofibrate and approved for marketing in the United States pursuant to NDA 19-304, NDA 21-203, or NDA 21-656.

23.     "Pharmaceutical formulation" means the recipe for or chemical composition of a pharmaceutical product.

24.     The phrase "other litigation regarding the patents-in-suit" means any judicial or quasi-judicial proceeding, including any civil action, arbitration, foreign opposition or any Federal administrative agency action, in which any issue relating to the infringement or non-infringement, validity or invalidity, or enforceability or unenforceability of any of the patents-in-suit has been asserted.

25.     "Réginault Declaration" means the Declaration under 37 C.F.R. § 1.132 of Philippe Réginault, dated June 16, 2003, submitted to the U.S. Patent and Trademark Office for U.S. Patent Application No. 10/288,425 (attached as Exhibit 1 hereto).

26.     "Blouquin Declaration" means the Declaration under 37 C.F.R. § 1.132 of Pascale Blouquin submitted February 23, 2005 to the U.S. Patent and Trademark Office for U.S. Patent Application No. 10/240,333 (attached as Exhibit 2 hereto).

3

## MATTERS UPON WHICH EXAMINATION IS REQUESTED

### Topics 1-19 are not used.

20.    Your organizational structure.

21.    Your personnel structure concerning the development of fenofibrate compositions from 1996 to the present.

22.    The preparation and prosecution of the patents-in-suit and all U.S. applications related to the patents-in-suit, including the identities and contributions of those involved.

23.    The preparation and prosecution of French patent application FR 9700479 and all French, foreign, or U.S. patents or patent applications, that claim priority from FR 9700479, including the identities and contributions of those involved.

24.    The ownership and transfer of ownership of the patents-in-suit.

25.    Your licensing practices and policies.

26.    The licensing of the patents-in-suit, including without limitation your efforts to license the patents-in-suit.

27.    All agreements between you and any other person concerning the patents-in-suit.

28.    All agreements between you and any other party concerning the sale of TRICOR in the United States.

29.    The conception, research, development, reduction to practice, and testing of the subject matter claimed in the patents-in-suit.

30.    The contribution of each person involved in the conception, research, development, reduction to practice, and testing of the subject matter claimed in the patents-in-suit.

4

31.    Your communications with the named inventors of the patents-in-suit concerning the patents-in-suit.

32.    All prior art known to you, or to any person having a duty of candor and good faith under 37 C.F.R. § 1.56, with respect to the filing and prosecution of the patents-in-suit.

33.    All investigations, analyses or searches conducted by or for you or disclosed to you concerning prior art.

34.    All investigations, analyses or searches conducted by or for you or disclosed to you concerning the patentability of the subject matter claimed in the patents-in-suit.

35.    Objective evidence of non-obviousness of the subject matter claimed in the patents-in-suit, including but not limited to any alleged commercial success, long felt but unsolved need, and failure of others to invent.

36.    The first sale, first offer to sell, first public knowledge, first disclosure, and first public disclosure in the United States of any product or process embodying any claim of the patents-in-suit.

37.    The commercial embodiments of the subject matter claimed in the patents-in-suit.

38.    Application for marketing authorization of LIPANTHYL 200M in any country.

39.    NDA 19-304 and your communications with any person concerning NDA 19-304.

5

40.    NDA 21-203 and your communications with any person concerning NDA 21-203.

41.    NDA 21-656 and your communications with any person concerning NDA 21-656.

42.    The dissolution testing described in the patents-in-suit and in the file histories of the patents-in-suit, including without limitation the tests described in Examples 2 and 4 and Figures 1 and 2 of the patents-in-suit, the tests described or referred to in the Reginault Declaration, and the tests described or referred to in the Blouquin declaration.

43.    The development of the dissolution test method for your fenofibrate compositions using 0.025M sodium lauryl sulfate as a dissolution medium.

44.    The bioavailability testing described in the patents-in-suit and in the prosecution histories of the patents-in-suit, including without limitation the tests described in Example 3 and Table 1 of the patents-in-suit.

45.    All comparisons made by or for you or known to you of any fenofibrate compositions.

46.    The bioequivalence or bioinequivalence of fenofibrate compositions.

47.    The chemical composition and formulation for LIPANTHYL 200M.

48.    The bioavailability of LIPANTHYL 200M.

49.    The dissolution profile of LIPANTHYL 200M when tested using the dissolution test method claimed in the '405 or '881 patents.

50.    The changes in chemical composition and formulation of LIPANTHYL 200M since 1995.

6

51.    The chemical composition and formulation for TRICOR.

52.    The bioavailability of TRICOR.

53.    The dissolution profile of TRICOR when tested using the dissolution test method claimed in the '405 or '881 patents.

54.    The manufacturing process for the TRICOR 160 mg tablet, including any modifications thereof.

55.    The advertising, promotion, and marketing of TRICOR in the United States since September 4, 2001.

56.    The effect on you if Reliant markets ANTARA™ in the United States.

57.    Any effect on your market share in the United States for fenofibrate compositions if Reliant markets ANTARA™ in the United States.

58.    Any harm that you will or have allegedly suffered as a result of Reliant marketing of ANTARA™ in the United States.

59.    The Réginault Declaration, including without limitation all facts and data described therein and any communications between you and Philippe Réginault concerning any version of the Réginault Declaration.

60.    The Blouquin Declaration, including without limitation the laboratory notebooks identified in paragraph 5 of the Blouquin Declaration and any communications between you and Pascale Blouquin concerning any version of the Blouquin Declaration.

61.    The dissolution testing reflected in the laboratory notebooks identified in the Blouquin Declaration, including without limitation the methods used in the results and the distribution of any results.

62.    Other litigation concerning the patents-in-suit.

7

63.    The documents produced by you in this action.

64.    The involvement of Abbott in the preparation and prosecution of the patents-in-suit.

65.    All agreements between you and any other person concerning this action, including without limitation joint defense agreements, common-interest agreements, consulting arrangements.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I do hereby certify that, on September 15, 2005, the within document was filed with the

Clerk of Court using CM/ECF which will send notification of such filing to the following; that

the document was served on the following counsel as indicated; and that the document is

available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY

Mary B. Graham, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19899

I hereby certify that on September 15, 2005, I have sent the document by Federal

Express, to the following non-registered participants:

William F. Cavanaugh, Jr., Esq.
Eugene M. Gelernter, Esq.
Patterson, Belknap, Webb Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Charles D. Ossola, Esq.
Donald O. Beers, Esq.
Leslie Hill, Esq.
Arnold & Porter
555 Twelfth Street, NW
Washington, DC 20004-1202

Timothy C. Bickham, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com