IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., <br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES and <br> LABORATOIRES FOURNIER S.A., <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 04-350 (KAJ) <br> ) <br> ) <br> ) <br> ) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION ON THE TAKING
OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
(ANDRE STAMM)**

**IDENTITY AND ADDRESS OF THE APPLICANT:**

The United States District Court for the
District of Delaware
844 North King Street, Room 6325
Wilmington, Delaware 19801
UNITED STATES OF AMERICA

**APPROPRIATE JUDICIAL AUTHORITY OF THE RECEIVING STATE:**

Ministère de la Justice
Service Civil de l'Entraide Judiciaire Internationale
Place de la Vendôme
Paris (1 er)
FRANCE

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad

in Civil or Commercial Matters, the undersigned applicant has the honor to submit this request

on behalf of the plaintiff in the above-entitled action, Reliant Pharmaceuticals, Inc., located at

110 Allen Road, Liberty Corner, New Jersey 07938, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of France and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the appropriate judicial authority of France to compel the appearance of the below-named individual to give evidence pertinent to the Plaintiff's claims in this matter.

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

    Andre Stamm
    33A rue Olive 67870
    Griesheim Pres Moisheim
    FRANCE

**PARTIES AND THEIR REPRESENTATIVES:**

| Party | Representatives |
|---|---|
| Reliant Pharmaceuticals, Inc.<br>110 Allen Road<br>Liberty Corner, New Jersey 07938 | Philip A. Rovner, Esq. (#3215)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>1313 N. Market Street<br>Wilmington, Delaware 19899<br>E-mail: provner@potteranderson.com<br><br>Adrian M. Pruetz, Esq.<br>Andrew M. Berdon, Esq.<br>Edward J. DeFranco, Esq.<br>Robert Wilson, Esq.<br>Eric Huang, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>335 Madison Avenue<br>New York, New York 10017 |

| | |
|---|---|
| Abbott Laboratories<br>100 Abbott Park Road<br>Abbott Park, Illinois 60064-3500 | Mary B. Graham, Esq.<br>James W. Parrett, Jr., Esq.<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 N. Market Street<br>Wilmington, Delaware 19801<br>E-mail: mgraham@mnat.com<br><br>William F. Cavanuagh, Esq.<br>Eugene M. Gelernter, Esq.<br>Chad J. Peterman, Esq.<br>Alexis Gander, Esq.<br>PATTERSON, BELKNAP, WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY 10036-6710 |
| Laboratoires Fournier S.A.<br>42 rue de Longvic<br>21300 CHENÔVE<br>France | Frederick L. Cottrell, III, Esq.<br>Anne Shea Gaza, Esq.<br>RICHARDS, LAYTON & FINGER, P.A..<br>One Rodney Square<br>Wilmington, DE 19899<br>E-mail: Cottrell@rlf.com<br><br>Charles D. Ossola, Esq.<br>Leslie M. Hill, Esq.<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, N.W.<br>Washington, D.C. 20004-1202<br><br>Timothy C. Bickham, Esq.<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795 |

**INFORMATION ABOUT THE ABOVE CAPTIONED CASE, SPECIFIC TO THIS REQUEST:**

In November 2004, Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") received notice from the U.S. Food & Drug Administration ("FDA") that the agency had approved Reliant's Section 505(b)(2) Application, New Drug Application ("NDA") No. 21-695, for a new fenofibrate capsule product named ANTARA™. The new product will be used for the treatment of, *inter alia*, high cholesterol. Defendants Abbott Laboratories and Laboratoires Fournier S.A.

3

have already brought a series of patent infringement lawsuits related to fenofibrate products under the patent laws of the United States, Title 35 of the United States Code.

In this case, plaintiff seeks a declaratory judgment that the commercial manufacture and/or sale of capsules containing fenofibrate described in Reliant's NDA No. 21-695 does not infringe the claims of the four patents in suit, U.S. Patent Nos. 6,074,670; 6,277,405; 6,589,552; and 6,652,881.

U.S. Patent Nos. 6,074,670 ("the '670 patent"), 6,277,405 ("the '405 patent") and 6,589,552 ("the `552 patent") are entitled "Fenofibrate Pharmaceutical Composition having High Bioavailability and Method for Preparing It" and issued on June 13, 2000, August 21, 2001, and July 8, 2003, respectively. U.S. Patent No. 6,652,881 ("the `881 patent") is entitled "Fenofibrate Pharmaceutical Composition having High Bioavailability" and issued on November 25, 2003. The `670, `405, `552 and `881 patents ("the patents in suit") all issued to Laboratoires Fournier, S.A. of Dijon, France, on assignment from Andre Stamm and Pawan Seth, the alleged inventors. The patents in suit are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations*.

Reliant contends that the commercial manufacture and/or sale of capsules containing fenofibrate described in NDA No. 21-695 will not infringe any valid claims of the four patents in suit. Reliant also contends that the claims of the patents in suit are invalid and/or unenforceable under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**SUBJECT MATTER AND RELEVANCE OF THIS REQUEST:**

Andre Stamm, as the first named inventor of the patents-in-suit, is an individual with information concerning the patents-in-suit and the alleged inventions claimed therein. Reliant believes that Andre Stamm has discoverable information relevant to the disputed facts alleged in

the pleadings. As an example, it is believed that Andre Stamm, *inter alia*, provided the dissolution tests that are referred to and relied upon in the patents in suit to Fournier. This information is important to Reliant's claims and as evidence for submission at trial.

In view of the foregoing and in the interests in justice, we therefore request that you issue an order, in accordance with the laws and procedures of the courts of France for the acquisition of evidence for trial, and summon Andre Stamm to appear and give testimony in the aforementioned matter in the form of an oral deposition. It is requested that the appropriate judicial authorities of France appoint an appropriate authority to preside over and set the location for this deposition. We further request that you issue an order, also in accordance with French laws and procedures, and require Andre Stamm to produce, to the extent that they are in his possession, custody and control, the documents described below in Schedule A.

**SCHEDULING AND OTHER SPECIFIC REQUESTS:**

1. For the benefit of all parties, it is respectfully requested by the below signed authority that the date for the deposition upon Andre Stamm be scheduled as close to January 19, 2006 as possible. This deposition is not expected to exceed two days.

2. This court requests that the appropriate authority in France provide to this court as soon as convenient all information regarding scheduled date, time and place for the oral deposition of Andre Stamm, with any other pertinent information, including what authority has been appointed to preside over the deposition.

3. Plaintiff's attorneys, Andrew Berdon, Edward DeFranco, Robert Wilson, and Eric Huang request, under authorization of this court, permission to attend and participate in the oral deposition of Francois Pochart. If permission to attend and participate is granted, it is

      requested that Mr. Berdon, Mr. DeFranco, Mr. Wilson, and Mr. Huang be provided with the date, time and place of the deposition as soon as convenient.

4.    It is requested that, if possible, you cause this deposition to be videotaped and reduced to verbatim written transcript, with all associated costs to be paid by plaintiff. If a verbatim written transcript is not possible, it is requested that the standard and usual record of the deposition be reduced to written transcript.

5.    It is requested that you cause any written deposition transcript, with any and all exhibits and documents produced, to be marked, attested, properly sealed and returned by overnight courier to the below signed authority.

      When required, this court shall provide similar assistance as requested herein, to the appropriate judicial authorities of France.

      Plaintiff Reliant Pharmaceuticals, Inc. stands ready and willing to reimburse the appropriate judicial authorities of France, for all costs incurred in executing this court's request for international judicial assistance.

      WITNESS, the Honorable Kent A. Jordan, Judge of the United States District Court for the District of Delaware, this 26th day of Oct., 2005.

*[signature]*
Kent A. Jordan, United States District Judge
United States District Court, District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801
United States of America

[seal of court]

## SCHEDULE A (ANDRE STAMM)

## DEFINITIONS AND INSTRUCTIONS

1. "You" or "your" is defined to include your agents, representatives or anyone acting on behalf of your agent or representative.

2. "Fournier" means defendant Laboratoires Fournier S.A. and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

3. "Abbott" means defendant Abbott Laboratories and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

4. "Reliant" means plaintiff Reliant Pharmaceuticals, Inc. and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

5. "Pharma Pass" means Pharma Pass S.A., Pharma Pass LLC, and its current and former parents, subsidiaries, affiliates, predecessors and successors, employees, managers, officers, directors, partners, agents, representatives, attorneys or anyone acting with or on behalf of any of the foregoing.

6. "FDA" means the U.S. Food and Drug Administration.

7. "NDA" means New Drug Application.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. "Document" is defined to include writings, drawings, graphs, charts, photographs, sound recordings of any type, and other electronic or computerized data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

10. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

11. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12. "Person" means any natural person or any business, legal or governmental entity or association.

13. "Concerning" means relating to, referring to, describing, evidencing or constituting.

14. The terms "all" and "each" shall be construed as all and each.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa.

17. "Patents-in-suit" means all or any one or more of U.S. Patents 6,074,670, 6,277,405, 6,589,552, and 6,652, 881 (attached as Exhibits 1-4 respectively) and any U.S. or foreign patent or application related to them.

18. "The '670 patent" means U.S. Patent 6,074,670.

19. "The '405 patent" means U.S. Patent 6,277,405.

20. "The '552 patent" means U.S. Patent 6,589,552.

21. "The '881 patent" means U.S. Patent 6,652,881.

22. "FR 97-00479" means the French patent application filed January 17, 1997 and upon which the patents-in-suit claim priority. FR 97-00479 is attached hereto as Exhibit 5.

23. "Prior art" means any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that relate to the subject matter of the patents-in-suit and that are relevant to patentability of any claim of the patents-in-suit under 35 U.S.C. §§ 102 and 103 of the laws of the United States. "Prior art" is not limited to references or other activities cited to the U.S. Patent and Trademark Office during the prosecution of the patents-in-suit.

24. "Fenofibrate composition" means any solid oral drug formulation that contains fenofibrate as the sole active pharmaceutical ingredient, including without limitation any fenofibrate formulation identified in the patents-in-suit, Abbott's TRICOR, Fournier's LIPANTHYL, and Abbott's LIPIDIL brands of fenofibrate products.

25. "Lipanthyl 200M" means the fenofibrate product manufactured and marketed by Laboratoires Fournier and described in U.S. Patent 6,074,670 at column 8, lines 11-17 (See Exhibit 1).

26. The phrase "other litigation regarding the patents-in-suit" means any judicial or quasi-judicial proceeding, including any civil action, arbitration, foreign opposition or any Federal administrative agency action, in which any issue relating to the infringement or non-infringement, validity or invalidity, or enforceability or unenforceability of any of the patents-in-suit has been asserted.

27. If you contend that any document requested to be produced is protected from discovery by the attorney-client privilege or other ground of privilege or immunity, describe the nature of the information in a manner that will enable Reliant to assess the applicability of the claimed privilege or immunity by providing the following information:

    (a) the date of the document that contains the information;

    (b) the name and title or position of the author(s) of the document;

    (c) the name and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

    (d) the general subject matter of the document;

    (e) the type of document (memorandum, letter, report, handwritten notes, etc.); and

    (f) the specific grounds for withholding the document and its information, including the specific facts upon which you will rely to establish the asserted attorney-client privilege or other ground of privilege or immunity.

28. Each request seeks only the documents within your possession, custody and control.

## REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1**

All documents concerning any of the patents-in-suit.

4

**REQUEST NO. 2**

All documents concerning the preparation and prosecution of FR97-00479 and the applications that resulted in the patents-in-suit.

**REQUEST NO. 3**

All documents concerning the conception, development, and reduction to practice of the subject matter claimed in the patents-in-suit.

**REQUEST NO. 4**

All documents concerning comparisons of bioavailability or dissolution between or among any of Lipanthyl 200M, Lipanthyl 250, Tricor, Lipidil, and any fenofibrate composition disclosed in the patents-in-suit.

**REQUEST NO. 5**

All documents concerning the *in vitro* dissolution and/or bioavailability of any prior art fenofibrate composition.

**REQUEST NO. 6**

All documents concerning prior art known to you, whether or not cited to the U.S. Patent and Trademark Office.

**REQUEST NO. 7**

All documents concerning any actual or proposed license under the patents-in-suit.

**REQUEST NO. 8**

All documents concerning any agreement between you and any person relating to the patents-in-suit or any litigation concerning any of the patents-in-suit.

**REQUEST NO. 9**

All documents concerning the ownership or transfer of ownership of the patents-in-suit.

**REQUEST NO. 10**

All investigations, analyses or searches conducted by or for you or disclosed to you concerning prior art.

**REQUEST NO. 11**

All printed publications authored in whole or in part by you concerning the subject matter disclosed in the patents-in-suit.

**REQUEST NO. 12**

All documents produced by you pursuant to earlier requests from any party in U.S. litigation regarding the patents-in-suit.

**REQUEST NO. 13**

All documents reflecting any sworn statement or testimony provided by you concerning the patents-in-suit, FR97-00479, or fenofibrate compositions.

**REQUEST NO. 14**

Your most recent curriculum vitae and resume.

704787